**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISON**

| | | |
|---|---|---|
| IN RE:    SALLY LOPEZ | : | CASE NO.:  23-13403-amc |
| | : | |
| | : | |
| Debtor(s) | : | CHAPTER 13 |

**FIFTH AMENDED CHAPTER 13 PLAN**

☐ Original
☒ ___Fifth___  Amended

Date: ___July 21, 2025___

**THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the Court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5.  **This Plan may be confirmed and become binding, unless a written objection is filed**.

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU
MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE
NOTICE OF MEETING OF CREDITORS.**

## Part 1:  Bankruptcy Rule 3015.1 Disclosures

☒ Plan contains non-standard or additional provisions – see Part 9

☐ Plan limits the amount of secured claim(s) based on value of collateral and/or changed interest rate – see Part 4

☐ Plan avoids a security interest or lien – see Part 4 and/or Part 9

## Part 2: Payment and Length of Plan

**§2(a) Plan payments (For Initial and Amended Plans):**

**Total Length of Plan:** __60__ **months.**

**Total Base Amount to be paid to the Chapter 13 Trustee ("Trustee") $__79,996.00__**
Debtor shall pay the Trustee $ _____ per month for _____ months; and
Debtor shall pay the Trustee $ _____ per month for the remaining _____ months.
**or**
Debtor shall have already paid the Trustee $ __16,796.00__ through month number __20__ and then shall pay the Trustee $ __1,580.00__ per month for the remaining __40__ months.

☐ Other changes in the scheduled plan payments are set forth in §2(d)

**§2(b)** Debtor shall make Plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):

Social security income

**§2(c) Alternative treatment of secured claims:**

☐ **None.** If "None" is checked, the rest of §2(c) need not be completed.

☐ **Sale of real property**
  *See §7(c) below for detailed description*

☒ Loan **modification with respect to mortgage encumbering property**:
  *See §4(f) below for detailed description*

**§2(d) Other information that may be important relating to the payment and length of Plan:**

**§2(e) Estimated Distribution:**

| | | | |
|---|---|---|---|
| A. | Total Administrative Fees (Part 3) | | |
| | 1. Post-petition attorney's fees and costs | $ | 4,375.00 |
| | 2. Post-confirmation Supplemental attorney's fees and costs | $ | 0.00 |
| | Subtotal | $ | 0.00 |
| B. | Other priority claims (Part 3) | $ | 4,842.96 |
| C. | Total distribution to cure defaults (§4(b)) | $ | 63,293.99 |
| D. | Total distribution on secured claims (§§4(c) &(d)) | $ | 247.54 |
| E. | Total distribution on general unsecured claims (Part 5) | $ | 36.87 |
| | Subtotal | $ | 72,796.36 |
| F. | Estimated Trustee's Commission | $ | 7,199.64 |
| G. | Base Amount | $ | 79,996.00 |

### §2(f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)

☒ **By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $ <u>5,875.00, with $2,000.00 to be disbursed by the Trustee for the balance of the flat rate for services plus $2,375.00 for additional services, as specified in the Rule 2016(b) form</u>, with the Trustee distributing to counsel the amount stated in §§2(e)(A)(1) and 3(a) of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.**

## Part 3: Priority Claims (Including Administration Expenses & Debtor's Counsel Fees)

**§3(a) Except as provided in §3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:**

| Creditor | Proof of Claim Number | Type of Priority | Estimated Amount to be Paid |
|---|---|---|---|
| Trustee Compensation | n/a | Administrative | Percentage set by U.S. Trustee |
| Debtor's Counsel | n/a | Administrative | $4,375.00 |
| Internal Revenue Svc. | 4 | Tax | $4,842.96 |

**§3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.**

☒ **None.** If "None" is checked, the rest of §3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in §2(a) be for a term of 60 months; see 11 U.S.C. §1322(a)(4).

| Name of Creditor | Proof of Claim Number | Amount of Claim to be Paid |
|---|---|---|
|  |  |  |

## Part 4: Secured Claims

**§4(a) Secured claims not provided for by the Plan:**

☐ **None.** If "None" is checked, the rest of §4(a) need not be completed.

| Creditor | Proof of Claim Number | Secured Property |
|---|---|---|
| ☒ If checked, Debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.<br><br>U.S. Dep't of Housing & Urban Development | 1 | 2742 Phipps Avenue<br>Willow Grove, PA  19090 |
| ☒ If checked, Debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.<br><br>Citizens Bank, N.A. | 2<br>(Claim No.8 paid in Plan – *see* below) | 1831 Strahle Street<br>Philadelphia, PA  19152 |

### §4(b) Curing Default and Maintaining Payments

☐ **None.** If "None" is checked, the rest of §4(b) need not be completed.

The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| Rocket Mortgage, LLC | 3 | 2742 Phipps Avenue Willow Grove, PA 19090 | $4,165.48 (or as allowed) | n/a | n/a | $4,165.48 |
| Rocket Mortgage, LLC (Stipulation) | n/a | 2742 Phipps Avenue Willow Grove, PA 19090 | $30,624.54 | n/a | n/a | $30,624.54 |
| U.S. Bank, N.A./Shellpoint Mortgage Servicing | 5 | 1831 Strahle Street Philadelphia, PA 19152 | $23,525.91 (or as allowed) | n/a | n/a | $23,525.91 (or as allowed) |
| Citizens Bank, N.A. | 8 | 1831 Strahle Street Philadelphia, PA 19152 | $4,978.06 | n/a | n/a | $4,978.06 |

### §4(c) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre-Confirmation Determination of the Amount, Extent or Validity of the Claim

☐ **None.** If "None" is checked, the rest of §4(c) need not be completed.

(1) Allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) If necessary, a motion, objection and/or adversary proceeding, as appropriate, will be filed to determine the amount, extent or validity of the allowed secured claim and the court will make its determination prior to the confirmation hearing.

(3) Any amounts determined to be allowed unsecured claims will be treated either: (A) as a general unsecured claim under Part 5 of the Plan or (B) as a priority claim under Part 3, as determined by the court.

(4) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

(5) Upon completion of the Plan, payments made under this section satisfy the allowed secured claim and release the corresponding lien.

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
| City of Philadelphia Water Revenue Bureau | 7 | 1831 Strahle Street Philadelphia, PA 19152 | $247.54 | n/a | n/a | $247.54 |

### §4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. §506

☒ **None.** If "None" is checked, the rest of §4(d) need not be completed.

The claims below were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(1) The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

(2) In addition to payment of the allowed secured claim, "present value" interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below. If the claimant included a different interest rate or amount for "present value" interest in its proof of claim, the court will determine the present value interest rate and amount at the confirmation hearing.

| Name of Creditor | Proof of Claim Number | Description of Secured Property | Allowed Secured Claim | Present Value Interest Rate | Dollar Amount of Present Value Interest | Amount to be Paid by Trustee |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

### §4(e) Surrender

☒ **None.** If "None" is checked, the rest of §4(e) need not be completed.

(1) Debtor elects to surrender the secured property listed below that secures the creditor's claim.

(2) The automatic stay under 11 U.S.C. §362(a) with respect to the secured property remains in effect upon confirmation of the Plan unless terminated by the Court after notice and hearing.

(3) The Trustee shall make no payments to the creditors listed below on their secured claims.

| Creditor | Proof of Claim Number | Secured Property |
|---|---|---|
|  |  |  |

### §4(f)  Loan Modification

☐ None.  If "None" is checked, the rest of §4(f) need not be completed.  * (*see* Part 9)

(1)  Debtor shall pursue a loan modification directly with  Shellpoint Mortgage Servicing  or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2)  During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $  1,273.59   per month, which represents the regular monthly post-petition mortgage payment.  Debtor shall remit the adequate protection payments directly to the Mortgage Lender.

(3)  If the modification is not approved by   October 31, 2025    (date), Debtor shall either:  (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it (*see* Part 9 below for additional conditions).

## Part 5:  Unsecured Claims

### §5(a) Specifically Classified Allowed Unsecured Non-Priority Claims

☒ **None.** If "None" is checked, the rest of §5(a) need not be completed.

| Creditor | Proof of Claim Number | Basis for Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

### §5(b) All Other Timely Filed, Allowed General Unsecured Claims

(1) Liquidation Test (check one box)

☒ All Debtor(s) property is claimed as exempt.

☐ Debtor(s) has non-exempt property valued at $ _____ for purposes of §1325(a)(4).

(2) Funding: §5(b) claims to be paid as follows (check one box):

☒ Pro rata

☐ 100%

☐ Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

☐ **None.** If "None" is checked, the rest of §6 need not be completed.

| Creditor/Tenant | Proof of Claim Number | Nature of Contract or Lease | Treatment by Debtor Pursuant to §365(b) |
|---|---|---|---|
|  |  |  |  |

## Part 7: Other Provisions

**§7(a) General Principles Applicable to the Plan**

(1) Vesting of Property of the Estate (***check one box***)

☒ Upon confirmation

☐ Upon discharge

(2) Subject to Bankruptcy Rule 3012 and 11 U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan. Debtor shall amend the plan or file an objection should a filed unsecured claim render the Plan unfeasible.

(3) Post-petition contractual payments under §1322(b)(5) and adequate protection payments under §1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

**§7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence**

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

**(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.**

**§7(c) Sale of Real Property**

☒ **None.** If "None" is checked, the rest of §7(c) need not be completed.

(1) Closing for the sale of _____ (the "Real Property") shall be completed within ____ months of the commencement of this bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all §4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale of the property free and clear of liens and encumbrances pursuant to 11 U.S.C. §363(f), either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) At the Closing, it is estimated that the amount of no less than $_____ shall be made payable to the Trustee.

(5) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(6) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline: _____.

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

    Level 1: Trustee Commissions*
    Level 2: Domestic Support Obligations
    Level 3: Adequate Protection Payments
    Level 4: Debtor's attorney's fees
    Level 5: Priority claims, pro rata
    Level 6: Secured claims, pro rata
    Level 7: Specially classified unsecured claims
    Level 8: General unsecured claims
    Level 9: Untimely filed, allowed general unsecured claims to which the Debtor has not objected

*\* Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent. If the Trustee's compensation rate increases resulting in the Plan becoming underfunded, the Debtor shall move to modify the Plan to pay the difference.*

## Part 9: Non Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☐ **None.** If "None" is checked, the rest of §9 need not be completed.

A) The automatic stay shall remain in full force and effect after confirmation unless modified by Order of Court after notice and hearing. By Order entered on June 25, 2025, the Court granted relief from the automatic stay to Citizens Bank, N.A., with respect to a second mortgage on the Debtor's property located at 1831 Strahle Street, Philadelphia, PA 19052 (hereinafter "Strahle"). If and when the Debtor fully cures the post-petition arrears under the Citizens Bank, N.A. second mortgage, the automatic stay shall be reinstated with respect to Strahle.

B) Upon completion of this or any other duly confirmed plan, as amended, or such earlier time when full payment under the Plan is received by any of the respective creditors:

    1. all tax liens, security interests, or mortgages that are paid in full, as such underlying obligations are finally determined by the Court, shall be satisfied of record without additional cost to the Debtor other than filing fees that are the Debtor's contractual or statutory responsibility;

    2. all claims of creditors listed in the Debtor's Schedules that are dischargeable pursuant to 11 U.S.C. §1328 shall be discharged; and

    3. completion of payments to the Trustee under this Plan, as amended, and entry of a Discharge Order shall constitute a cure pursuant to 11 U.S.C. §1322(b)(5) and 41 P.S. §404(c), as if no default had occurred, with respect to mortgage loan on Strahle and the Debtor's real property located at 2742 Phipps Avenue, Willow Grove, PA 19090 (hereinafter "Willow Grove").

C)  Debtor is applying for a loan modification under which the pre-petition arrears under the first mortgage on Strahle purportedly serviced by Shellpoint Mortgage Servicing, and purportedly held by U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2020-GS3 or U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee from RCAF Acquisition Trust (hereinafter collectively "U.S. Bank"), under which the allowed amount of pre-petition arrears would be capitalized into the loan balance, thereby reinstating the Strahle mortgage loan to current status.  If the Debtor is successful with the application for a loan modification, the Debtor will file a motion to modify the plan to reduce the base amount in accordance with the reduction in the pre-petition arrears portion of U.S. Bank's Claim No. 5 (or that of the true holder of the mortgage loan), and to restructure this Chapter 13 Plan over the remaining term in accordance with the requirements of the Bankruptcy Code.

D)  The Debtor has entered into a Stipulation with Rocket Mortgage LLC, the terms of which are incorporated herein by reference.

E)  Part 7(a)(2) is modified as follows:  Confirmation of the Plan constitutes a finding by the Court that treatment of creditors under the terms of this Plan bars disbursements for any claims filed after confirmation, unless by agreement with the Debtor or ordered by the Court, with the exception of Notices of Post-Petition Mortgage Fees, Charges, and Expenses, which shall be filed and determined in accordance with Bankruptcy Rule 3002.1(c)-(e).

F)  Part 7(b)(4) and (6) are modified as follows:

    (4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of post-petition payments on that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.  In addition to both Rocket Mortgage, LLC and U.S. Bank, N.A./Shellpoint Mortgage Servicing resuming sending customary monthly statements to the Debtor, Citizens Bank, N.A., shall resume sending customary monthly statements to the Debtor including, *inter alia*, the current amount due each month and any adjustment to the interest rate and other terms affecting the amount of each post-petition payment.

*    *    *    *

    **(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books, as well as any authorized automatic transfer of funds to Citizens Bank, N.A., for the regular monthly post-petition interest only payments as set forth above.**

G)  If the Trustee's compensation rate is increased or decreased during the course of the Plan by the United States Trustee and the Plan does not provide for sufficient funds to cover the increase or provides more than required, the Debtor may modify the Plan payments to adjust for any changes.

**Part 10: Signatures**

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan.

REGIONAL BANKRUPTCY CENTER OF SOUTHEASTERN PA, P.C., by:

Date: _____July 21, 2025_____

_____
Roger V. Ashodian
Attorney ID #42586
101 West Chester Pike, Suite 1A
Havertown, PA 19083

Attorney for Debtor(s)

Date: 7/21/2025

_____
Sally Lopez, Debtor